IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, <br><br> v. <br><br> **Gustavo Rivera-Mulero,** a/k/a "El Cano" Defendant. | CRIMINAL NO. 21-079(~~DRD~~) **FAB** <br> and   22-205(FAB) <br><br> Received and filed <br> February 7, 2023  10:37 AM |

## PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Gustavo Rivera-Mulero, and Defendant's counsel, Juan F. Matos-De Juan, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count Three of Indictment 21-079(DRD) and Count One of Indictment 22-205(FAB):

**Count Three, Indictment 21-079(~~DRD~~) (FAB):**

On or about March 15, 2021, and continuing to on or about March 16, 2021, in the United States, in the District of Puerto Rico and within the jurisdiction of this Court, **[3] Gustavo Rivera-Mulero**, did knowingly possess firearms, to wit, a 9mm Taurus pistol, model G3, bearing serial number TMW-54667; a 9MM Sig Sauer pistol, model P365SAS, bearing serial number 66B190870; a Glock pistol .40 caliber, model

23, bearing serial number HYT-972; a Taurus revolver .38 caliber, model 85, bearing serial number JN20801; and a Glock pistol .40 caliber, model 23, bearing serial number AKT972, in furtherance of a drug trafficking crime, for which he may be prosecuted in a Court of the United States, that is possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). All in violation of 18 U.S.C. § 924(c)(1)(A).

### Count One, Indictment 22-205(FAB):

From at least in or about the year 2020 and continuing up to and until March 16, 2021, in Puerto Rico, and elsewhere, and within the jurisdiction of this Court, **[12] Gustavo Rivera-Mulero, a/k/a "El Cano"**, did knowingly and intentionally, combine, conspire, and agree with other diverse persons, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846.

### 2. Stipulation as to the Amount of Narcotics

The United States of America and the defendant stipulate and agree that: as to Count One of the Indictment 22-205(FAB), the defendant shall be held accountable for conspiring to possess with intent to distribute at least four hundred grams (400g) but less than five hundred grams (500g) of cocaine, a Schedule II Narcotic Drug Controlled Substance.

### 3. Maximum Penalties

**Count Three, Indictment 21-079(~~DRD~~) (FAB):**

The maximum statutory penalty for the offense charged in Count Three of the Indictment, is a term of imprisonment of not less than five (5) years pursuant to 18 U.S.C. § 924(c)(1); a fine not to exceed two hundred and fifty thousand dollars ($250,000) pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five (5) years, pursuant to 18 U.S.C. § 3583(b)(1).

**Count One, Indictment 22-205(FAB):**

The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of not less than ten (10) years and not more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or ten million dollars (10,000,000); and a supervised release term of at least five (5) years, all pursuant to 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846.

However, the Defendant further understands that, based on the stipulated and agreed amount of narcotics attributed to the Defendant as part of this plea agreement, the penalty for the above-mentioned count of conviction is as follow: a term of imprisonment of not more than twenty (20) years; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or one million dollars (1,000,000); and a supervised release term of at least three (3) years, all pursuant to 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846.

### 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 5. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any

discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

**Indictment 21-079(~~DRD~~)(FAB):**



| COUNT THREE |
| :---: |
| T. 18 U.S.C. 924(c) |
| For Count Three of the Indictment where defendant pleads guilty for possessing a firearm in furtherance of a drug trafficking crime, a minimum term of imprisonment of (60) months is mandatory. |

**Indictment 22-205(FAB):**

| COUNT ONE | | | | | |
|---|---|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846 | | | | | |
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(9) | | | | | 22 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **19** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 30-37 | 33-41 | 37-46 | 46-57 | 57-71 | 63-78 |

### 9. Sentence Recommendation

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request the following: As to Count Three of Indictment 21-079(DRD), a sentence of imprisonment of 60 months. As to Count One of Indictment 22-205(FAB), a sentence of imprisonment of 37 months regardless of criminal history category. The sentence in case 21-079(~~DRD~~)(FAB) to be served consecutive to the sentence in case 22-205(FAB), for a combined total of 97 months of imprisonment.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 60 months for case 21-079(~~DRD~~)(FAB) and 37 months or less for case 22-205(FAB), Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 12. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 13. Satisfaction with Counsel

Defendant is satisfied with counsel, Juan F. Matos-De Juan, Esq., and asserts that counsel has rendered effective legal assistance.

## 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that

Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 15. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 16. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 17. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 18. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 19. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 20. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 21. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free

from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 24. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including, but not limited to: a Glock pistol .40 caliber, model 23, bearing serial number AKT972, one magazine and ammunitions.

**25. Forfeiture Provision**

Pursuant to 21 U.S.C. § 853, Defendant agrees to waive and forgo any interests or claims of the following property, including, but not limited to $28,000 in U.S. Currency seized on March 15, 2021.

Pursuant to this Plea Agreement, the defendant agrees to forfeit to the United States any drug proceeds or substitute assets for that amount, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of 21 U.S.C. §841. Further, defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the

abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney

_____
Teresa S. Zapata-Valladares
Assistant U.S. Attorney
Deputy Chief, Gang Section
Dated: 8/9/2022

_____
Richard Vance Eaton
Special Assistant U.S. Attorney
Dated: 8/8/22

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 8/8/2022

_____
Juan Matos-De Juan
Counsel for Defendant
Dated: 2/7/23

_____
Gustavo Rivera-Mulero
Defendant
Dated: 2/7/23

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 2/7/23

_____
Gustavo Rivera-Mulero
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 2/7/23

_____
Juan Matos-De Juan
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Gustavo Rivera-Mulero admits that Defendant is guilty as charged in the Indictment and admits the following:

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

On March 15, 2021, agents were surveilling a residence located at Jardines de Dorado, Gardenia Street D-14 in Dorado, Puerto Rico. Gustavo Rivera-Mulero arrived at the residence in his Ford E350 Van. The agents observed Rivera and two other individuals concealing kilograms of cocaine inside five-gallon buckets. The buckets were then placed inside the van.

Rivera left the residence driving the van with one of the other individuals as passenger. They arrived at SSH Movers, a shipping company located in Dorado, Puerto Rico. Shortly after, agents arrived and observed several individuals within the shipping company grounds, including Rivera. The individual who had been in the van with Rivera dropped a brown box onto the ground. The box contained $28,000 in US currency. All the doors of Rivera's van were open. Inside the van, the agents found and seized a loaded Glock pistol .40, model 23, serial number AKT972, plastic and rubber wrappings with cocaine residue, and three cellphones. Rivera and three other individuals were arrested.

Further investigation revealed that when the agents arrived to SSH Movers, a drug transaction had just occurred. Unknown individuals had moved and hidden the five-gallon buckets with the kilograms of cocaine.

During an interview, Rivera claimed ownership of the illegal firearm seized inside the van.

By pleading guilty, Gustavo Rivera-Mulero admits that he knowingly and intentionally possessed the firearm in furtherance of a drug-trafficking crime.

Gustavo Rivera Mulero participated in a drug conspiracy. The object of the conspiracy was the distribution of wholesale amounts of cocaine within Puerto Rico and the continental United States for financial gain and profit. Specifically, Gustavo Rivera Mulero packed and shipped more than 5 kilograms of cocaine to the continental United States. He also invested money in buying kilograms cocaine.

For purposes of this plea agreement, Gustavo Rivera Mulero accepts that from at least in or about the year 2020 and continuing up to and until March 16, 2021, he did knowingly and intentionally combine, conspire, and agree with others to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute at least four hundred grams (400g) but less than five hundred grams (500g) of cocaine.

At trial, the United States would have proven beyond a reasonable doubt that defendant Gustavo Rivera-Mulero is guilty as charged in Count Three of Indictment 21-079 (~~DRD~~) (FAB) and Count One of Indictment 22-205 (FAB). Discovery was timely made available to Defendant for review.

_____
Juan Matos-De Juan
Counsel for Defendant
Dated: 2/8/23

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 8/8/2022

_____
Gustavo Rivera-Mulero
Defendant
Dated: 2/7/23