IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>Juan Manuel Vázquez-Díaz,<br>Defendant. | CRIMINAL NO. 21-366 (FAB)<br>and 22-205 (FAB) |

PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Juan Manuel Vázquez-Díaz, and Defendant's counsels, Rafael Castro-Lang in case 21-366 (FAB) and Ismael Rodríguez in case 22-205 (FAB), Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count Two of Indictment 21-366 (FAB) and Counts One and Three of Indictment 22-205 (FAB):

**Count Two, Indictment 21-366 (FAB):**

On or about September 18, 2021, in the United States, in the District of Puerto Rico and within the jurisdiction of this Court, **Juan Manuel Vázquez-Díaz**, did knowingly and intentionally possess with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1)

& (b)(1)(B)(ii).

### Counts One and Three, Indictment 22-205 (FAB):

From at least in or about the year 2020 and continuing up to and until March 16, 2021, in Puerto Rico, and elsewhere, and within the jurisdiction of this Court, **Juan Manuel Vázquez-Díaz** and the co-defendants, did knowingly and intentionally, combine, conspire, and agree with each other, and other diverse persons, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846.

Count Three: From at least in or about the year 2020 and continuing up to and until March 16, 2021, in Puerto Rico, and elsewhere, and within the jurisdiction of this Court, **Juan Manuel Vázquez -Diaz,** did knowingly combine, conspire, and agree with others, to commit offenses against the United States in violation of 18 U.S.C. §§ 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, drug trafficking, knowing that the transactions were designed in whole or in part conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented

the proceeds of some form of unlawful activity. All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) & (h).

1. **Stipulation as to the Amount of Narcotics**

The United States of America and the defendant stipulate and agree that: as to Count Two of Indictment 21-366 (FAB) and Count One of Indictment 22-205 (FAB), the defendant shall be held accountable for conspiring to possess and possessing with intent to distribute at least fifty kilograms (50KG) but less than one-hundred and fifty kilograms (150g) of cocaine, a Schedule II Narcotic Drug Controlled Substance.



2. **Maximum Penalties**



The maximum statutory penalty for the offense charged in Count Two of Indictment 21-366 (DRD) is a term of imprisonment of not less than five (5) years *and a maximum term of 40 years*, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or five million dollars (5,000,000); and a supervised release term of at least four (4) years, all pursuant to 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(ii) and 846.

The maximum statutory penalty for the offense charged in Count One of Indictment 22-205 (FAB), is a term of imprisonment of not less than ten (10) years and not more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or ten million dollars (10,000,000); and a supervised release term of at least five (5) years, all pursuant to 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846.

The maximum statutory penalty for the offense charged in Count Three of Indictment 22-205 (FAB), is a term of imprisonment of not more than twenty (20)

years; a fine of not more than five hundred thousand dollars ($500,000) or twice the value of the monetary instrument of funds involved in the transportation, transmission, or transfer, whichever is greater, all pursuant to 18 U.S.C. §§ 1956(a)(1)(B)(i) & (h); and a supervised release term of not more than five (5) years, all pursuant to 18 U.S.C. § 3583.

### 3. Sentencing Guidelines Applicability



Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment



Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution



The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations





After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| Count Two case 21-366 (FAB) and Counts One and Three case 22-205 (FAB) 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(ii) and 846; 18 U.S.C. §§ 1956(a)(1)(B)(i) & (h) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(3) | 34 |
| Money Laundering pursuant to U.S.S.G. § 2S1.1(b)(2)(B) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **33** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 |

- All counts grouped pursuant to U.S.S.G. § 3D1.2

### 8. Sentence Recommendation

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request as to 21-366 (FAB) a sentence of imprisonment

of 60 months regardless of criminal history category and as to 22-205 (FAB) a concurrent sentence of imprisonment of 138 months regardless of criminal history category.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

9. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.



10. **Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court for both cases, 21-366 (FAB) and 22-205 (FAB), is 138 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea

U.S. v. Vázquez-Díaz 21-366 (FAB) and 22-205 (FAB)

Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsels, Rafael Castro-Lang in case 21-366 (FAB) and Ismael Rodríguez in case 22-205 (FAB), Esq., and asserts that both counsels have rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no

promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the

reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

*Space left blank intentionally*

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. Stephen Muldrow
United States Attorney

_____
Teresa S. Zapata-Valladares
Assistant U.S. Attorney
Deputy Chief, Gang Section
Dated: 2·13·2023

_____
R. Vance Eaton
Special Assistant U.S. Attorney
Dated: 2/10/23

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 2/10/23

_____
Rafel Castro-Lang
Counsel for Defendant (21-366 (FAB))
Dated: 2/16/23

_____
Ismael Rodríguez
Counsel for Defendant (22-205 (FAB))
Dated: 2/16/23

_____
Juan Manuel Vázquez-Díaz
Defendant
Dated: 2/16/23

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 2/16/23

_____
Juan Manuel Vázquez-Díaz
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

_____
Rafael Castro-Lang
Counsel for Defendant (21-366 (FAB))
Date 2/16/23

_____
Ismael Rodríguez
Counsel for Defendant (22-205 (FAB))
Date 2/16/23

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Juan Manuel Vázquez-Díaz admits that he is guilty as charged in Indictment 21-366 (FAB) and Indictment 22-205 (FAB) and admits the following:

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

**As to Indictment 21-366 (FAB):**



On September 18, 2021, Puerto Rico police in Vega Alta searched a Honda Accord the Defendant had been driving. A search of that vehicle revealed four kilograms of cocaine, which the Defendant knowingly possessed with the intent to distribute.

**As to Indictment 22-205 (FAB):**

As to Count One, from at least in or about the year 2020 and continuing up to and until March 16, 2021, **Juan Manuel Vázquez-Diaz,** also known as "Demente," did knowingly and intentionally, combine, conspire, and agree with others, to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846.

The object of the drug conspiracy was the distribution of hundreds of kilograms of cocaine within Puerto Rico and the continental United States for financial gain and

profit. **Juan Manuel Vázquez-Diaz** participated in the conspiracy since the year 2020. On at least one occasion he sent to the continental United States more than 5 kilograms of cocaine through SSH Movers, a shipping company located in Dorado, Puerto Rico. He also invested money in buying kilograms of cocaine.

On March 15, 2021, agents were surveilling a residence located at Jardines de Dorado, Gardenia Street D-14 in Dorado, Puerto Rico. An individual arrived at the residence in a Ford E350 Van. The agents observed three individuals concealing kilograms of cocaine inside five-gallon buckets. The buckets were then placed inside the van.

Agents followed the van to SSH Movers shipping company. There, agents arrested three codefendants and seized $28,000 in cash. Simultaneously, agents executed a search warrant back at the house on Gardenia Street. There, they seized approximately 35 kilograms of cocaine and two guns. Defendant Juan Manuel Vázquez-Diaz had just delivered three of those bricks to one of the residents of that house for further distribution to continental US-based codefendants.

For purposes of this plea agreement **Juan Manuel Vázquez-Diaz** accepts responsibility for conspiring to possess with intent to distribute at least fifty kilograms (50KG) but less than one-hundred and fifty kilograms (150g) of cocaine.

As to Count Three of 22-205, during the same period of time, from at least in or about the year 2020 and continuing up to and until March 16, 2021, **Juan Manuel Vázquez-Diaz,** did knowingly combine, conspire, and agree with others, to conduct

and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of drug trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity. All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) & (h).

The object of the conspiracy to launder monetary instruments was to conduct financial transactions with the proceeds of drug trafficking that would conceal and disguise the nature, location, source, ownership, and control of the proceeds by transferring the proceeds from the continental United States to co-conspirators in Puerto Rico.

For purposes of this plea agreement **Juan Manuel Vázquez-Diaz** accepts responsibility for conspiring to launder money by conducting financial transactions with drug trafficking proceeds. Defendant further acknowledges he knew the money being transferred was the product of specified unlawful activity, specifically, drug trafficking.

At trial, the United States would have proven beyond a reasonable doubt that defendant Juan Manuel Vázquez-Díaz is guilty as charged in Count Two of

Indictment 21-366 (FAB) and Counts One and Three of Indictment 22-205 (FAB).

Discovery for both cases was timely made available to Defendant for review.

_____
R. Vance Eaton
Special Assistant U.S. Attorney
Dated: 2/10/23

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 2/10/23

_____
Rafael Castro-Lang
Counsel for Defendant
Dated: 2/16/23

_____
Ismael Rodríguez
Counsel for Defendant
Dated: 2/16/23

_____
Juan Manuel Vázquez-Díaz
Defendant
Dated: 2/16/23